UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES HARRISON,                    1:06-cv-0603-AWI-DLB-P

       Plaintiff,          **ORDER ADOPTING FINDINGS AND RECOMMENDATION** (Doc. 14)

vs.

                               **ORDER DISMISSING ACTION**

WILLIAMS,

       Defendants.
_____/

    Plaintiff, is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On March 6, 2007, the Magistrate Judge filed Findings and a Recommendation herein which were served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendation were to be filed within thirty (30) days. On March 30, 2007, plaintiff filed objections.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the

1

entire file, the court finds the Findings and Recommendation to be supported by the record and by proper analysis.

As explained by the Magistrate Judge, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 917-18 (2007). Exhaustion is an affirmative defense, and "inmate are not required to specifically plead or demonstrate exhaustion in their complaints." Id. at 921 (2007). In the objections, Plaintiff cites to Jones v. Bock and contends that the Magistrate Judge erred by recommending dismissal of this action at the screening stage without requiring a motion to dismiss from Defendants. In this case it clear from the face of Plaintiff's complaint, the exhibits attached to the complaint, and the exhibits attached to the objections that Plaintiff did not exhaust prior to filing suit. "A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)  Accordingly, this action must be dismissed for Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed March 6, 2007, are ADOPTED IN FULL; and,

2. This action is DISMISSED without prejudice based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by not exhausting his claims prior to filing suit.

IT IS SO ORDERED.

**Dated:    February 25, 2008**              /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE